UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARRYL C. DANIELS,

    Plaintiff,

v.                                          Case No. 5:22-cv-112-TKW/MJF

Z. Culpepper, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Upon review of Plaintiff Darryl C. Daniel's amended complaint, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. § 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

**I. BACKGROUND**

Plaintiff is an inmate of the Florida Department of Corrections ("FDC"). His inmate number is FDC #H07217. On June 2, 2022, Plaintiff commenced this civil action pursuant to 42 U.S.C. § 1983. Doc. 1 at 11. Because Plaintiff failed to utilize the appropriate form, the undersigned directed Plaintiff to file an amended complaint. Doc. 3. Plaintiff timely filed his amended complaint on the court-approved form and is suing three Defendants: (1) Z. Culpepper, the FDC regional director; (2) Jane Doe I, an FDC registered nurse; and (3) Melvin, a classification

officer. Doc. 4 at 2-3. Plaintiff asserts two claims under the Eighth Amendment: a claim that Melvin was deliberately indifferent to a serious risk of harm to Plaintiff, and a claim that Jane Doe was deliberately indifferent to Plaintiff's serious medical need.[1]

## II. Discussion

**A.      Screening of Plaintiff's Complaint**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial

---

[1] Although Plaintiff lists Culpepper as a Defendant, Plaintiff failed to allege any facts regarding Culpepper.

process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

B.   **Plaintiff's Disclosures**

Section VI of the complaint form utilized by Plaintiff seeks information regarding his prior litigation. Doc. 4 at 9. The complaint form explicitly warns "***that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***" *Id.* The complaint form contains three questions:

    A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

    B. Have you filed other lawsuits or appeal in ***state or federal court*** dealing with the same facts or issues involved in this case?

    C. Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 10-11. In response to Questions A and B, Plaintiff responded, "No." *Id.* He did not disclose any cases. *Id.* In response to Question C, Plaintiff responded, "Yes." He identified only three federal cases:

1. *Daniels v. Hiscock*, No. 2:21-cv-429-JLB-MRM (M.D. Fla. May 28, 2021);

2. *Daniels v. Fla. Civil Commitment Ctr.*, No. 2:20-cv-317-SPC-NPM (M.D. Fla. May 1, 2020); and

3. *Daniels v. Taylor*, 5:22-cv-24-TKW-MJF (N.D. Fla. Jan. 28, 2022).

*Id.* at 11-12.

    At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under the penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id*. at 13-14. Thus, at the time Plaintiff signed his complaint, he asserted that he had filed only three cases in federal courts.

C. **<u>Plaintiff's Omissions</u>**

The undersigned takes judicial notice that, when Plaintiff filed his amended complaint, he failed to disclose *at least two cases* in federal court that were dismissed prior to service: [2]

- *Daniels v. Sawyer*, No. 2:13-cv-420-JES, ECF No. 12 (M.D. Fla. July 18, 2013) (dismissing Plaintiff's complaint prior to service for failure to pay filing fee and because it failed to state a claim upon which relief could be granted under 1915(e)(2)(B)); and

- *Daniels v. Ponder*, No. 4:22-cv-48, ECF No. 10 (dismissing Plaintiff civil complaint regarding prison conditions because plaintiff failed to comply with court orders, failed to prosecute, and failed to pay the filing fee).[3]

Because Plaintiff failed to disclose these cases in his original and amended complaints, Plaintiff violated his duty of candor to the District Court. *Kendrick*, 2022

---

[2] The undersigned takes judicial notice of other lawsuits Plaintiff has filed. Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999);

[3] *Daniels v. Ponder* is attributable to Plaintiff insofar as it bears his FDC number # H07217. Plaintiff was housed at the Florida Civil Commitment Center when he filed *Daniels v. Sawyer*, thus his inmate number is different.

WL 2388425, at *3 (noting that *pro se litigants* "own the same duty of candor to the court as imposed on any other litigant").

D.     **Materiality of Plaintiff's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by

others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose all prior cases that related to the conditions of his confinement. Doc. 4 at 9, 13. The complaint form expressly warns prisoners: "[***F***]***ailure to disclose all prior state and federal cases—including, but not limited***

***to civil cases, habeas cases, and appeals— may result in the dismissal of this case.*** " *Id.* at 11.

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E. The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[4] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding

---

[4] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The alleged misconduct in Plaintiff's complaint occurred between April 11, 2022 and July 3, 2022. Doc. 4 at 5, 8. The statute of limitation, therefore, likely would not bar Plaintiff from refiling this action in the near future.

that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. The undersigned already provided Plaintiff an opportunity to amend his complaint. Doc. 3. Providing Plaintiff a second opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. Order the clerk of the court to terminate all pending motions and close this case.

At Pensacola, Florida, this 13th day of July, 2022.

                                        /s/ *Michael J. Frank*
                                        **Michael J. Frank**
                                        **United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**